## Atlas Building Corporation v. Walker et al.

*Desmond J. McTighe*, for plaintiff.

*S. Thomas Bulfamonte*, for defendants.

KNIGHT, P. J., February 8, 1951.—Defendants saw an advertisement of plaintiff in a newspaper, and telephoned plaintiff. A representative of plaintiff called on defendants on the evening of January 30, 1950, and 45 minutes later walked out of their home with three papers signed by them. One was a credit statement of their financial standing and worth; the second was a contract signed by them, by which they authorized plaintiff to build a one car garage on their (defendants') land, and the third was a judgment note, on which the amount and date were left blank.

By virtue of the confession contained in the note, judgment was entered against defendants, as of the above term and number, for $1,295, the full amount of the contract.

On March 7, 1950, defendants presented a petition, on which this rule was allowed. Plaintiff filed an answer, depositions were taken, and the case argued before the court en banc in January 1951.

The above documents were signed by defendants on January 30, 1950; two days later defendants received from plaintiff a letter, in which was enclosed what the letter said was "A complete copy of the contract". It will be noted that the contract was never signed by plaintiff nor accepted by it.

The letter also stated "(a) Our credit department has started the necessary action to obtain the financing for your job. Please allow about one week until credit approval after which your work will be started."

On February 3, 1950, counsel for defendants notified plaintiff by letter, that his clients would not go through with the deal.

It is a fair inference from the above, that plaintiffs did not intend to accept the contract, and do the work

until it approved the credit of defendants, and before such approval was secured, defendants canceled the contract.

The above contract also declares that the note on which this judgment was entered was given as collateral security only. It was collateral given by defendants as security for the performance of the contract on their part.

Assuming that defendants breached their contract with plaintiff, all plaintiff could recover was its expenses incurred and the profit it would have made. The judgment is for the full amount of the contract, and should be opened if for no other reason than to compel plaintiff to show its actual loss.

The witnesses for both parties agree that as a condition precedent to the signing of the contract and note the financing of the garage should be done by the Montgomery Trust Company of Norristown.

Mrs. Walker testified that she called on the Trust Company and they refused to finance the building on the contract of plaintiff.

For this reason the judgment should be opened.

The plaintiff's letterhead carries the following slogan:

"America's Largest *Ethical* Home Remodeling Organization"

The ethics of any business or profession is simply the way in which the leaders of that business or profession, the people who are looked up to as fair, just and decent business or professional men and women, conduct their business or profession. The ethical construction concern does not exact a judgment note from its customers before any work is done or material furnished. The ethical construction concern, does not seek, as does plaintiff here, to get a profit of $550 on a $1,295 job. The ethical business concern does not re-

quire its customers to sign a contract that is so one-sided, unjust and unreasonable as to shock the conscience of any fair-minded person. We hold no brief for people who sign such contracts; if there is no fraud, accident or mistake shown, they must bear the consequences of their own ignorance or folly. The courts are not the guardians of the people to protect them against foolish and improvident bargains.

The evidence discloses, however, that in this case an additional condition was added to the contract after it was signed by defendants.

For the reasons set forth above, as well as for others that we might mention, the judgment in this case should be opened and defendants let into a defense.

And now, February 8, 1951, the rule is made absolute; the judgment opened, and defendants let into a defense.

Counsel will prepare an issue to be submitted to the court for approval.